Case 2:22-cv-00167   Document 8   Filed on 08/08/22 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 09, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AGUSTIN NUNEZ-REYNOSO | § | |
| | § | |
|    Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00167 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Agustin Nunez-Reynoso is in the custody of the U.S. Bureau of Prisons at FCI Three Rivers in Three Rivers, Texas. He filed this *pro se* petition for writ of habeas corpus seeking to have his sentence vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be **DISMISSED** because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the United States District Court of Minnesota.

### I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001); 28 U.S.C. § 124(b)(6).

### II. BACKGROUND

On April 14, 2011, Petitioner was found guilty by a jury of conspiracy to distribute and possession with intent to distribute a controlled substance (cocaine, methamphetamine,

marijuana and ecstasy) in violation of 21 U.S.C. §§ 841 and 846. (D.E. 656, D.E. 830 and D.E. 905).[1] On September 20, 2011, Petitioner was sentenced to 240 months imprisonment, followed by five years supervised release. (D.E. 758). Petitioner's sentence was upheld by the United States Court of Appeals for the Eight Circuit. (D.E. 806); *United States v. Nunez-Reynoso*, 508 F. App'x 588, 589 (8th Cir. 2013) (Finding the evidence at trial was sufficient to support Petitioner's conviction and the drug quantity calculation).

On January 13, 2014, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied on August 21, 2014. (D.E. 852 and D.E. 905). The Eight Circuit then denied Petitioner's request for a certificate of appealability on February 11, 2015. (D.E. 922). On January 12, 2017, Petitioner's sentence was reduced to 210 months based on the amended sentencing guidelines appliable in drug cases. (D.E. 1068 and D.E. 1252, Page 3). Petitioner filed another § 2255 Motion on November 8, 2018 which was dismissed as second or successive on December 12, 2018. (D.E. 1130 and D.E. 1138). On October 21, 2021, the Eighth Circuit denied Petitioner's motion for authorization to file a successive habeas application. (D.E. 1250 and D.E. 1251).

### III. PETITIONER'S CLAIMS

Petitioner filed this petition on a § 2241 form, specifically stating that he is

---

[1]Docket entry references to historical events in the original criminal proceedings in this background section are to the United States District of Minnesota criminal proceeding, *United States v. Agustin Nunez-Reynoso*, No. 10-cr-69-MJD-TNL-19 (D. Minn. filed Mar. 18, 2010).

challenging the "constitutionality of [his] conviction" under § 2255.  (D.E. 1, Pages 3 and 4).  Petitioner argues that remedy under 28 U.S.C § 2255 is inadequate or ineffective to challenge his conviction or sentence "[b]ecause the Court of Appeals will not grant a second or successive 2255.  This has to do with constitutional provisions."  (D.E. 1, Page 5).  As grounds for relief, Petitioner argues his co-conspirators contradicted themselves, he was charged with more drugs than he ever admitted to or a jury found him guilty of and there was prosecutorial misconduct during his jury trial.  (D.E. 1, Pages 7-8).  He requests this Court vacate his sentence.  (D.E. 1, Page 8).

**IV.     PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. 2013); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence.  *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*.  A § 2255 motion must be filed in the sentencing court.  *Id*.; *Eckles v. Chandler*, 574 F. App'x. 446, 446 (5th Cir. 2014).  A § 2241 petition that seeks to challenge the validity of a federal sentence must

either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's pending habeas claims are challenging the validity of his federal sentence and he requests this Court vacate his sentence. Because Petitioner's complaints relate to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, Petitioner must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255. Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000). The savings clause provides as follows:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. Under that set of circumstances, it can be fairly said that the remedy by a

successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

Petitioner claims he cannot obtain relief by filing a § 2255 motion because he has already filed an unsuccessful § 2255 motion and the Eighth Circuit denied him permission to file a second or successive § 2255 motion. However, "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does *not* make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878 (emphasis in original and citations omitted); *Cabello v. United States*, No. 21-51066, 2022 WL 2713229, at *1 (5th Cir. July 13, 2022) ("The mere fact that [Petitioner's] prior § 2255 motion was unsuccessful does not suffice.")

Petitioner has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Instead, it is clear Petitioner "is simply attempting to circumvent the limitations on filing successive § 2255 motions." *Id*. Accordingly, it is recommended that Petitioner's habeas action be **DISMISSED** because this Court does not have jurisdiction to consider his § 2255 claim and also because he has not shown § 2255 is inadequate or ineffective to address his claims, which would allow him to bring the claim under § 2241.

**V.     RECOMMENDATION**

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be **DISMISSED**. It is further recommended that Petitioner's cause of action not be characterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255 because Petitioner has previously filed a § 2255 motion in the correct

jurisdiction.

    ORDERED on August 8, 2022.

                                                Jason B. Libby
                                    United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).