United States District Court
Southern District of Texas
**ENTERED**
January 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AGUSTIN NUNEZ-REYNOSO, | § § § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00167 |
| | § | |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 8). The M&R recommends that Petitioner's 28 U.S.C. § 2241 cause of action be dismissed. *Id.* at 1, 5. Petitioner timely filed written objections to the M&R. (D.E. 10) (granting extension of time to file objections); (D.E. 11) (objections).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

### I. Petitioner's Objections to the M&R

The M&R recommends dismissing Petitioner's cause of action "because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the United States District Court of Minnesota." (D.E. 8, p. 1). Petitioner's objections largely fail to identify any errors within the M&R. *See* (D.E. 11). Rather, Petitioner's main argument is that he "is entitled to 2241 Relief because he is being held under an erroneous application of relevant law[,]" and the

demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452. The savings clause applies to a claim that (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Here, Petitioner filed this petition on a § 2441 form, specifically stating that he is challenging the "constitutionality of [his] conviction" under § 2255. *See* (D.E. 1, p. 3–4). In his explanation of why a remedy under § 2255 is inadequate or ineffective, Petitioner stated that "the [Eighth Circuit] will not grant a second or successive [§] 2255" and that "[t]his [case] has to do with constitutional provisions." *Id.* at 5. Petitioner's initial explanation fails to pass muster under applicable Fifth Circuit law stating that "a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does *not* make § 2255 inadequate or ineffective." *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000); *Cabello v. United States*, No. 21-51066, 2022 WL 2713229, at *1 (5th Cir. July 13, 2022) ("The mere fact that [a petitioner's] prior § 2255 motion was unsuccessful does not" render § 2255 inadequate or ineffective.).

In other objections to the M&R, Petitioner contends that his claims were "foreclosed during the filing of his § 2255 motion by circuit law[.]" (D.E. 11, p. 5). However, Petitioner fails to allege how his claims were foreclosed. *See id.* Accordingly, the Court finds that this statement is legally unsupported and conclusory. As such, after conducting a de novo review, the Court finds that Petitioner has not established that he can satisfy the conditions of § 2255(e)'s savings clause. *See Reyes-Requena*, 243 F.3d at 901; *Pack*, 218 F.3d at 452. Thus, Petitioner's § 2241 cause of action

---

inadequate or ineffective to test the legality of his detention.

*Id.*

must be dismissed.[3]

## II. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections were directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections. (D.E. 11). Accordingly:

(1) The Court **ADOPTS** the M&R in its entirety. (D.E. 8).

(2) The Court **DISMISSES** Petitioner's 28 U.S.C. § 2241 cause of action. (D.E. 1).

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
January 10th, 2023

---

[3] This is so despite Petitioner's allegations contained in his D.E. 3 motion to amend his 2241 petition. *See* (D.E.3). To be clear, Petitioner did not need to file a motion for leave to amend, as he has the right to amend his pleading "as a matter of course" while his habeas petition is screened, and before the Court "order[s] the respondent to file an answer." *Mayle v. Felix*, 545 U.S. 644, 663 (2005) (citing Rule 4 of the Rules Governing Section 2254 Cases). As such, the Court **MOOTS** Petitioner's D.E. 3 motion and independently screens its contents. (D.E. 3). After review, the Court finds that the allegations contained in D.E. 3 do not impact its determination above, as Petitioner still cannot show that a § 2255 remedy is inadequate or ineffective. *See id.*